**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **1. JASMIN ARECHIGA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 14-cv-724-GKF-TLW** |
| | ) | |
| **1. ABERDEEN ENTERPRIZES II, INC., a** | ) | |
| **domestic for profit business corporation,** | ) | *Jury Trial Demanded* |
| | ) | |
| **Defendant.** | ) | *Attorney Lien Claimed* |

## COMPLAINT

**COMES NOW** Jasmin Arechiga, Plaintiff in the above-entitled action, by and through

her attorneys, David R. Keesling and Timothy S. Kittle, of the law firm, KEESLING LAW GROUP,

PLLC, and for her causes of action alleges as follows:

### JURISDICTION, VENUE, PARTIES

1.      Jurisdiction in this matter is based upon the existence of a federal question under

28 U.S.C.A. § 1331 (West 2014) and 28 U.S.C.A. § 1343(a)(4) (West 2014), pursuant to claims

arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A § 2000e *et seq*. (West 2014).

2.      Venue is appropriate as all incidents alleged herein occurred within the Northern

District of Oklahoma.

3.      Plaintiff Jasmin Arechiga, at all times relevant to the claims alleged herein, was

and is a citizen of the State of Oklahoma and a resident of Tulsa County, Oklahoma.

4.      Defendant Aberdeen Enterpizes II, Inc. ("Aberdeen"), at all times relevant to the

claims alleged herein, upon information and belief, was and is a domestic for profit business

corporation operating in and under the laws of the State of Oklahoma, was and is an employer

affecting commerce with fifteen (15) or more employees as defined under 42 U.S.C.A. § 2000e(b), and operates a debt collection business in the City of Tulsa, Tulsa County, Oklahoma.

5.      Due to the foregoing, this Court has jurisdiction over the parties and subject matter.

### STATEMENT OF THE FACTS

6.      Plaintiff Jasmin Arechiga incorporates paragraphs 1 through 5 herein as if fully set forth verbatim.

7.      Plaintiff was, at all times relevant to allegations contained herein, an employee of Defendant Aberdeen within the meaning of 42 U.S.C.A. § 2000e(f) (West 2014), working in the capacity of "case manager," a position associated with debt collections.

8.      Plaintiff is and was a member of a legally recognized protected class, i.e. a person of Mexican /Hispanic descent.

9.      Plaintiff began her employment with Aberdeen on or about June 6, 2013.

10.     A significant percentage of the individuals that Aberdeen routinely contacts regarding debt collection are of Mexican or Hispanic descent, and some possess little to no ability to communicate in English.

11.     On or about August 28, 2013, two of Plaintiff's co-workers exchanged demeaning comments about people of Mexican descent, in Plaintiff's presence, while a lead (supervisor), Marcella Stanley, stood idly by.

12.     Plaintiff found the comments patently offensive, and complained to a supervisor further up the chain, Peter Klopp.

13.     Despite Plaintiff's complaint, similar anti-Mexican remarks continued to be made in Plaintiff's workplace by co-workers.

14.     Additionally, on or about November 4, 2013, Plaintiff heard a co-worker warn other co-workers to be careful about what they say around Plaintiff, due to the fact that Plaintiff had complained about their comments in the workplace previously.

15.     Because the comments continued, on or about December 3, 2013, Plaintiff once again complained to Peter Klopp regarding the derogatory comments regarding Mexicans in her workplace, this time via email.

16.     In response to her complaint, Plaintiff was met with contrived issues initiated by supervisory personnel.

17.     Regarding the allegation contained in paragraph 16 above, on or about December 17, 2013, Plaintiff was falsely accused of using her cellular telephone camera in the workplace, a prohibited action, by lead Marcella Stanley, before Peter Klopp.

18.     Plaintiff denied the allegation and pressed these supervisory personnel for proof, which they could not produce.

19.     However, Plaintiff was subjected to a written reprimand over the incident.

20.     Said reprimand also included the "unauthorized use" of the Google website, something which Plaintiff had never before been advised was prohibited.

21.     On or about December 18, 2013, Plaintiff requested, and was granted, a meeting with the company's top manager, Jim Shoffner, who was joined at that meeting by his son, Rob Shoffner.

22.     At that meeting, Jim Shoffner suggested that the case manager position was "not the job" for Plaintiff and that Plaintiff should consider looking for another job.

23.     Moreover, Rob Shoffner became irritated with Plaintiff and warned that her job was now on a "day to day basis."

24.     When Plaintiff asked for clarification, Rob Shoffner became quite irate, stating that Plaintiff knew what he meant, and further, warned Plaintiff not to "push any other issues."

25.     On or about December 23, 2013, Plaintiff approached "Johanna" in Human Resources and requested that "Johanna" produce a list of issues that Plaintiff had raised with Aberdeen over the course of her employment.

26.     In response, "Johanna" typed a document containing a log of Plaintiff's complaints, but added with disapproval that Plaintiff had "taken personally" the "joke" Plaintiff's co-workers had uttered in August regarding Mexicans.

27.     Finally, on December 30, 2013, Plaintiff was discharged from her employment, which occurred within four months of her first complaint regarding unlawful and offensive race-based comments in her workplace, and within a month of Plaintiff lodging a second complaint about the same issue.

28.     Plaintiff timely filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), on or about February 25, 2014, by filing a Uniform Intake Questionnaire by and through her retained counsel, which occurred within 300 days of the incidents giving rise to this action.

29.     On September 10, 2014, the EEOC issued a "Dismissal and Notice of Rights" or "Right to Sue Letter," which was received by Plaintiff through her counsel on September 15, 2014, meaning that this matter has been timely filed, within ninety (90) days of the receipt of said Right to Sue Letter.

## FIRST CAUSE OF ACTION
### UNLAWFUL DISCRIMINATION / HOSTILE WORK ENVIRONMENT
### TITLE VII, 42 U.S.C.A. §§ 2000e *et seq.* (WEST 2014)
### AS TO DEFENDANT ABERDEEN

30.     Plaintiff Jasmin Arechiga incorporates paragraphs 1 through 29 herein as if fully set forth verbatim.

31.     Plaintiff was subjected to demeaning comments in her workplace regarding people of Mexican or Hispanic descent by co-workers.

32.     Plaintiff, a person of Mexican descent, found the comments offensive and unwelcome.

33.     Plaintiff complained to her supervisor regarding the offensive comments.

34.     Nonetheless, Plaintiff continued to be subjected to comments that demeaned people of Mexican or Hispanic descent in her workplace subsequent to her complaint.

35.     The conduct described herein was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment and created a racially abusive or hostile work environment.

36.     Plaintiff submitted a second complaint to her supervisor regarding the continuing demeaning and offensive comments.

37.     Plaintiff perceived her working environment to be abusive or hostile.

38.     A reasonable person in Plaintiff's circumstances would consider the working environment to be abusive or hostile.

39.     As a result of the actions constituting a hostile work environment based on race or ethnic origins, Plaintiff's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A §§ 2000e *et seq.*, were violated, causing her injury.

## SECOND CAUSE OF ACTION
### UNLAWFUL RETALIATION
### TITLE VII, 42 U.S.C.A. § 2000e-3(a) (WEST 2014)
### AS TO DEFENDANT ABERDEEN

40.     Plaintiff Jasmin Arechiga incorporates paragraphs 1 through 39 herein as if fully set forth verbatim.

41.     Plaintiff engaged in a protected activity by complaining about offensive comments in her workplace which were demeaning to people of Mexican or Hispanic descent.

42.     In response to Plaintiff's complaints, Plaintiff was subjected to a retaliatory and materially adverse employment action, i.e., discharge.

43.     Defendant's actions as perpetrated against Plaintiff would tend to dissuade a reasonable employee from making or supporting a charge of discrimination in the workplace.

44.     As a result of the actions constituting retaliation against Plaintiff, the rights of Plaintiff under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A § 2000e − 3(a), were violated, causing Plaintiff injury.

### PUNITIVE AND EXEMPLARY DAMAGES

45.     Plaintiff Jasmin Arechiga incorporates paragraphs 1 through 44 herein as if fully set forth verbatim.

46.     The acts and omissions by Defendant Aberdeen, as set forth in the preceding paragraphs, demonstrate that Defendant was engaged in conduct evincing malice or reckless indifference to Plaintiff's rights.

47.     As a direct result of Defendant's malice and /or reckless disregard for Plaintiff's rights, Plaintiff is entitled to exemplary and punitive damages in an amount to be determined by a jury commensurate with the financial resources available to Defendant, subject to applicable statutory caps, and sufficient to deter others similarly situated from like behavior.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Jasmin Arechiga prays this Court to grant to her the following relief:

A.      Judgment against Defendant in excess of Seventy-Five Thousand Dollars ($75,000.00);

B.      Punitive damages against Defendant to the extent permitted by law;

C.       Order Defendant to pay the attorney fees, costs, and accruing interest incurred by Plaintiff in prosecuting this matter;

D.      Any other such further relief this Court deems just and proper.

Respectfully submitted,

**KEESLING LAW GROUP, PLLC**

/s/ David R. Keesling
David R. Keesling, OBA No. 17881
Timothy S. Kittle, OBA No. 21979
401 South Boston Avenue
Mid-Continent Tower, Suite 450
Tulsa, Oklahoma 74136
(918) 924-5101 – Telephone
(918) 512-4888 – Facsimile
David@KLGattorneys.com
Tim@KLGattorneys.com
***Attorneys for Plaintiff:***
***Jasmin Arechiga***